DECISION AND JUDGMENT ENTRY
{¶ 1} John H. Aubrey appeals his conviction and sentence from the Vinton County Common Pleas Court. A jury found Aubrey guilty of: (1) Knowingly Transporting a Firearm Improperly While Under the Influence of Alcohol; and (2) a Firearm Specification. On appeal, Aubrey contends that the trial court cannot impose an additional term of incarceration for a firearm specification when an element of the underlying offense is the same as the specification. Because we have decided this issue before, and because we have not changed our view, we disagree. Accordingly, we overrule Aubrey's assignment of error and affirm the judgment of the trial court.
 I. {¶ 2} A Vinton County Grand Jury indicted Aubrey for having a weapon while under disability, i.e., knowingly transporting a firearm improperly while under the influence of *Page 2 
alcohol, in violation of R.C. 2923.16(D), a felony of the fifth degree, and with a firearm specification, in violation of R.C. 2941.141. After a not guilty plea, Aubrey filed a motion to dismiss the gun specification charge. The court denied his motion. A jury found Aubrey guilty as charged and the court sentenced him accordingly.
 {¶ 3} Aubrey appeals, asserting the following assignment of error: "THE TRIAL COURT ERRED IN UPHOLDING THE GUN SPECIFICATION AND ENHANCEMENT OF KNOWINGLY HAVING A WEAPON UNDER DISABILITY; ALL OF WHICH VIOLATES THE APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS AND PLACES THE APPELLANT IN DOUBLE JEOPARDY."
 II. {¶ 4} In Aubrey's sole assignment of error, he essentially asserts that the trial court erred when it denied his motion to dismiss the gun specification charge because after the state proved the underlying charge, no additional evidence was needed to prove the specification. Stated differently, the gun specification charge was an element of the underlying charge. He maintains that the state is "overreaching" because the legislature never intended multiple punishments under the circumstances of his case.
 {¶ 5} We have addressed and decided this identical issue before. See, e.g., State v. Neace (Jan. 24, 1994), Scioto App. No. 93CA2113, appeal denied 69 Ohio St.3d 1476. We followed Neace in State v. Ramage (Dec. 26, 1996), Washington App. No. 95CA39, and addressed the same issue again in State v. Russell (June 30, 1998), Athens App. No. 97CA37, reaching the same result. In Neace, Ramage, and Russell, we found that the legislature may authorize cumulative punishment for the same *Page 3 
conduct and the additional term of actual incarceration is a penalty enhancement, not a multiple punishment. For the same reasons cited in those three cases, we see no reason to change our position now.
 {¶ 6} Accordingly, we overrule Aubrey's sole assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 4 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 McFarland, P.J. and Harsha, J.: Concur in Judgment and Opinion. *Page 1